IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

**MARK ALLEN PAYNE,**

    **Plaintiff,**

v.                                      Case NO. 3:12-cv-00580

**WESTERN REGIONAL JAIL,**

    **Defendant.**

## PROPOSED FINDINGS AND RECOMMENDATIONS

On February 27, 2012, Plaintiff Mark Allen Payne ("Payne"), proceeding *pro se* and then incarcerated at the Western Regional Jail in Barboursville, West Virginia, filed an application to proceed without prepayment of fees and costs and a complaint pursuant to 42 U.S.C. § 1983. (ECF Nos. 1 and 2). This matter is assigned to the Honorable Robert C. Chambers, United States District Judge, and by standing order has been referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B).

For the reasons that follow, the undersigned **FINDS** that the complaint fails to state a claim upon which relief may be granted and, thus, **RECOMMENDS** that the presiding District Judge deny the application to proceed *in forma pauperis,* dismiss the complaint, with prejudice, and remove this matter from the docket of the Court.

## I. <u>Background</u>

On February 27, 2012, Payne filed a complaint seeking a court order compelling the Western Regional Jail ("Jail") to provide him with chronic care medications and transfer to a facility where he could receive better medical care. According to Payne, he had been ill for 15 years and was required to follow a specific medication regimen in order to prolong his life. (ECF No. 2 at 4). Despite the precarious state of his health, Payne allegedly had been denied his medications since entering the Jail on December 16, 2011. (*Id.*). Payne claimed that he feared for his life without his medications and was growing weaker with each passing day. (*Id.* at 5). In addition to prospective relief, Payne sought unspecified monetary damages to compensate him for every day he spent at the Jail without receiving his medications. (*Id.*).

Since filing the complaint, Payne was released from the custody of the West Virginia Regional Jail and Correctional Facility Authority. According to available records, he is no longer an inmate in the state penal system.[1]

## II. <u>Standard of Review</u>

Under the provisions of 28 U.S.C. § 1915A,[2] a court must screen each case in which a prisoner seeks redress from a governmental entity or employee of a governmental entity. The court must dismiss the case, or any part of it, if the

---

[1] Shortly after the complaint was filed, the undersigned learned that Payne had been transferred from the Western Regional Jail to the Southwestern Regional Jail. Based on the results of a June 11, 2012 search of the online inmate locators for the West Virginia Division of Corrections and the West Virginia Regional Jail and Correctional Facility Authority, Payne has now been released from Southwestern Regional Jail and is not in the custody of either the West Virginia Division of Corrections or the Regional Jail and Correctional Facility Authority.

[2] 28 U.S.C. § 1915 also requires an initial screening by the Court in each case in which a prisoner seeks to proceed *in forma pauperis*.

complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). A complaint fails to state a claim upon which relief may be granted when, accepting the plaintiff's allegations as true, the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). Plausibility requires allegations that "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Consequently, the complaint must include "facts sufficient to state all the elements of [the plaintiff's] claim." *Bass v. E.I. Dupont de Nemours & Co.,* 324 F.3d 761, 765 (4th Cir. 2003). Determining whether a complaint states a facially plausible claim for relief is a "context-specific task that requires the court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal,* 556 U.S. 662, 679 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009), *citing Iqbal v. Hasty,* 490 F.3d 143, 157–58 (2nd Cir. 2007).

In the context of a *pro se* complaint, such as the one filed in this civil action, the court must liberally construe the allegations. *Erickson v. Pardus,* 551 U.S. 89, 94 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007). However, even under this less stringent standard, the complaint still must contain sufficient factual allegations to support a cause of action currently cognizable in a federal district court. *Weller v. Department of Social Services,* 901 F.2d 387, 391 (4th Cir. 1990). The Court may not rewrite the complaint to include claims that were never presented, *Parker v. Champion*, 148 F.3d 1219, 1222 (10th Cir. 1998), develop the plaintiff's legal theories for him, *Small v. Endicott,* 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the Court. *Beaudett v. City of Hampton,* 775 F.2d 1274, 1278

(4th Cir. 1985).

### III. Analysis

#### A. The Jail is not a "Person" for Purposes of § 1983

Title 42 U.S.C. § 1983 provides:

Every person who under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, Suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

Thus, in order to state a successful claim under § 1983, Plaintiff must demonstrate that a *person* acting under color of state law deprived him of a right guaranteed by the Constitution or federal laws. *Rendall-Baker v. Kohn,* 457 U.S. 830, 838, 102 S.Ct. 2764, 73 L.Ed.2d 418 (1982). In the case at bar, Payne cannot establish that the Jail is a "person" for purposes of relief under § 1983. In *Roach v. Burch,* 825 F.Supp. 116 (N.D.W.Va. 1993), the United States District Court for the Northern District of West Virginia directly addressed the issue of whether the West Virginia Regional Jail and Correctional Facility Authority ("Authority") was a "person" subject to suit under § 1983. After applying generally accepted factors used to determine whether a state agency is "an arm" or "alter ego" of the state and, therefore, the same as the state for purposes of sovereign immunity, the Court concluded that "as the State, the Authority is not a 'person' suable under § 1983." *Roach v. Burch, supra* at 118. *See,* also, *Will v. Michigan Department of State Police,* 491 U.S. 58, 109 S.Ct. 2304, 105 L.Ed.2d 45, (1989) (finding that a State is

4

not a "person" for purposes of § 1983); *Cantley v. Western Regional Jail and Correctional Facility Authority,* 728 F. Supp. 2d 803 (S.D.W.Va. 2010) (finding that the West Virginia Regional Jail Authority and Correctional Facility is not a "person" for purposes of a claim for money damages under § 1983).[3]

Furthermore, the District Court found that, as an arm of the state, the Authority enjoyed the constitutional immunity provided by the Eleventh Amendment to the United States Constitution, which states that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." *Roach,* 825 F. Supp. at 119. The sovereign immunity created in this amendment protects both the state itself and its agencies, divisions, departments, officials, and other "arms of the State." *Taylor v. Ozmint,* 2011 WL 286133 (D.S.C.), citing *Will,* 491 U.S. at 78 (1989); *See also Regents of the Univ. of California v. Doe,* 519 U.S. 425, 429, 117 S.Ct. 900, 137 L.Ed.2d 55 (1977) ("[I]t has long been settled that the reference [in the Eleventh Amendment] to actions 'against one of the United States' encompasses not only actions in which a State is actually named as the defendant, but also certain actions against state agents and state instrumentalities.")

Consequently, Payne's action cannot be maintained as filed, because he has failed to name an appropriate "person" as the defendant. *See Thomas v. Nakatani,* 309 F.3d. 1203 (9th Cir. 2002) (acknowledging that the *"Ex Parte Young* doctrine

---

[3] The Western Regional Jail is nothing more than a facility operated and controlled by the Authority. *West Virginia Code § 30-20-1a, et seq.* As such, the Jail is subsumed by the Authority and, hence, is not a "person" under § 1983. *Noe v. West Virginia,* 2010 WL 3025561 at *5 (N.D.W.Va.). *See also Mora v. Westville Correctional Facility,* 2008 WL 2906761 (N.D. Ind.) at *2-3.

5

creates a fiction by allowing a person to enjoin future state action by suing a state official for prospective injunctive relief rather than the state itself. Even so, the Supreme Court has emphasized the importance of respecting this fiction."). Moreover, the defendant is immune from relief as an agency of the state. *See Field v. McMaster,* 2010 WL 1076060 (D.S.C. March 18, 2010) (An agency of the State is immune from suit regardless of the nature of relief sought). For these reasons, the undersigned respectfully **PROPOSES** that the United States District Judge **FIND** that Payne has failed to name as a defendant a "person" subject to suit under § 1983 and that the named defendant is immune from suit pursuant to the Eleventh Amendment to the United States Constitution.

### B. Plaintiff's Claim for Injunctive Relief is Moot

Allowing Payne to amend his complaint and substitute an appropriate official in place of the Jail would not effectively correct the deficiencies of this action. Given Payne's transfer from the Jail and subsequent release from custody, his claim for injunctive relief is moot. "To be justiciable under Article III of the Constitution, the conflict between the litigants must present a 'case or controversy' both at the time the lawsuit is filed and at the time it is decided. If intervening factual . . . events effectively dispel the case or controversy during pendency of the suit, the federal courts are powerless to decide the questions presented." *Ross v. Reed,* 719 F.2d. 689, 694 (4th Cir. 1983). "The requisite personal interest that must exist at the commencement of the litigation. . . must continue throughout its existence. *Arizonans for Official English v. Arizona,* 520 U.S. 43, 68, 117 S.Ct. 1055, 137 L.Ed.2d 170 (1997). "Simply stated, a case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Powell*

*v. McCormack,* 395 U.S. 486, 496, 89 S.Ct. 1944, 23 L.Ed.2d 491 (1969).

"[A]s a general rule, a prisoner's transfer or release from a particular prison moots his claims for injunctive and declaratory relief with respect to his incarceration there." *Rendelman v. Rouse,* 569 F.2d 182, 186 (4th Cir. 2009). "The reasons for finding mootness in such a context are clear. Once an inmate is removed from the environment in which he is subjected to the challenged policy or practice, absent a claim for damages, he no longer has a legally cognizable interest in a judicial decision on the merits of his claim." *Incumaa v. Ozmint*, 507 F.3d 281, 287 (4th Cir. 2007). Moreover, "[a]ny declaratory or injunctive relief ordered in the inmate's favor in such situations would have no practical impact on the inmate's rights and would not redress in any way the injury he originally asserted." *Incumaa*, 507 F.3d at 287.

Nevertheless, a plaintiff's claim should not be dismissed as moot if there is sufficient evidence to conclude that the action is "capable of repetition, yet evading review." *Southern Pac. Terminal Co. v. ICC,* 219 U.S. 498, 515, 31 S.Ct. 279, 55 L.Ed. 310 (1911). Under this exception, a claim that would otherwise be moot may be subject to judicial review if the facts of the case lead to a reasonable expectation that the same complaining party would be subjected to the same action again. *See Federal Election Commission v. Wis. Right to Life*, 551 U.S. 449, 127 S.Ct. 2652, 168 L.Ed.2d 329 (2007) ("capable of repetition" exception requires demonstrated probability that the same controversy will recur involving the same plaintiff). Mere conjecture that the plaintiff may return to a prison facility and again face the alleged wrong is not sufficient to meet the mootness exception. *Higgason v. Farley,* 83 F.3d 807, 810 (7th Cir. 1996).

In this case, Payne is no longer located at the Jail and is not in the custody of the Authority or the West Virginia Division of Corrections. In addition, no evidence exists upon which to surmise a "reasonable probability" that Payne will return to the Western Regional Jail. Consequently, the undersigned respectfully **PROPOSES** that the United States District Judge **FIND** that (1) Payne's transfer to another facility and subsequent release from custody render his claim for injunctive relief moot and the (2) the current circumstances do not support the conclusion that Payne's claim falls within the "capable of repetition, but evading review" exception to the doctrine of mootness.

### C.     Payne Fails to State a Claim for Compensatory Damages

Assuming *arguendo* that Payne had sued the appropriate official at the Jail and had stated a cause of action that was not barred by sovereign immunity, his claim for compensatory damages would still fail given the absence of any physical injury resulting from the challenged condition. Payne alleged that he felt himself "getting weaker every day" and expressed fear for his medical state, which he believed was deteriorating; however, he did not assert any specific physical manifestation or damage associated with the lack of medication.

The Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(e), expressly prohibits the filing of civil actions by prisoners "confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." Although the PLRA does not define "physical injury" and the Fourth Circuit has not provided a definition, other courts have held that the "physical injury" referenced by the Act need not be significant, but it must be more than *de minimis. See, e.g., Flanory v. Bonn,* 603 F.3d 249, 254

8

(6th Cir. 2010); *Siglar v. Hightower,* 112 F.3d 191 (5th Cir. 1997); *Mitchell v. Brown & Williamson Tobacco Corp.,* 294 F.3d 1309, 1312-13 (11th Cir. 2002); *Zehner v. Trigg,* 952 F.Supp. 1318 (S.D. Ind. 1997). In addition, "[a] plaintiff seeking compensatory damages for emotional distress cannot rely on conclusory statements that the plaintiff suffered emotional distress [or] the mere fact that a constitutional violation occurred, but, rather, the testimony must establish that the plaintiff suffered demonstrable emotional distress, which must be sufficiently articulated." *Knussman v. Maryland*, 272 F.3d 625, 640 (4th Cir. 2001), *quoting Price v. City of Charlotte*, 93 F.3d 1241, 1254 (4th Cir. 1996) (internal quotation marks omitted). Here, Payne offered nothing more than conclusory assertions that he believed he was in danger and he feared for his life. Payne failed to articulate facts to support the existence of a physical injury or demonstrable emotional distress. Accordingly, Payne's claim for compensatory damages lacks an adequate factual basis to state a plausible cause of action. Thus, the undersigned respectfully recommends that the presiding District Judge **FIND** that Payne's complaint for money damages fails to state a claim for which relief may be granted.

## IV.     Proposal and Recommendations

For the reasons set forth above, the undersigned respectfully **PROPOSES** that the United States District Judge accept and adopt the proposed findings and **RECOMMENDS** that Plaintiff's Application to proceed without prepayment of fees or costs (ECF No. 1) be **DENIED** pursuant to 28 U.S.C. §1915(e)(2)(B) and his Complaint (ECF No. 2) be **DISMISSED, with prejudice,** for failure to state a claim.

Plaintiff is notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable Robert C. Chambers, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, Plaintiff shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing parties, Judge Chambers, and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to the Plaintiff, Defendants, and any counsel of record.

**FILED:** June 11, 2012.

_____
Cheryl A. Eifert
United States Magistrate Judge